### FRANKEL v. OWENS.

(Supreme Court, Appellate Term. June 25, 1909.)

EXECUTORS AND ADMINISTRATORS (§ 221*)—ACTION AGAINST ADMINISTRATRIX—EVIDENCE—SUFFICIENCY.

In an action against an administratrix on an account stated between plaintiff and defendant's intestate and for goods subsequently sold and delivered to the latter, evidence for plaintiff *held* to make out a prima facie case.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 221.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Abraham Frankel against Cornelia Owens, administratrix of Kate Bomar, deceased. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Louis H. Levin, for appellant.

Lord, Day & Lord (Easton S. Bacon, of counsel), for respondent.

PER CURIAM. The action is for $70 on an account stated between plaintiff and defendant's intestate, and $78 for goods sold and delivered to said intestate subsequent to the account stated, upon which claim $51 have been paid, leaving a balance due of $97, for which the action is brought. The answer is a general denial.

The uncontradicted evidence of an intimate friend of the deceased, who was a disinterested witness, called for plaintiff, shows that deceased bought a number of articles from plaintiff, of considerable value, and promised to pay therefor; also plaintiff himself showed sales of goods to deceased that were unpaid. No evidence was introduced by defendant. This friend of the deceased gives evidence of what she heard in the presence of both deceased and plaintiff regarding the transactions and admissions of the deceased, which certainly seem

*For other cases see same topic & §.NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

strong enough to make out a prima facie case. We think the judgment is against the evidence, and must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.